

FILED

MAR 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KASHARD O. BROWN,<br><br>           Petitioner-Appellant,<br><br>  v.<br><br>BRIAN WILLIAMS, Warden; CATHERINE CORTEZ-MASTO,<br><br>           Respondents-Appellees. | No.   21-16668<br><br>D.C. No.<br>2:11-cv-01058-JCM-DJA<br>District of Nevada,<br>Las Vegas<br><br>ORDER |

Before: McKEOWN and PAEZ, Circuit Judges, and SESSIONS,[*] District Judge.

An Amended Memorandum Disposition is being filed simultaneously with this Order.

The panel has voted to deny the petition for rehearing and recommends denying the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition, Dkt. No. 46, is **DENIED**. No further petitions will be entertained.

---

[*] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

FILED

UNITED STATES COURT OF APPEALS

MAR 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KASHARD O. BROWN,

No.   21-16668

              Petitioner-Appellant,

D.C. No.
2:11-cv-01058-JCM-DJA

  v.

BRIAN WILLIAMS, Warden; CATHERINE
CORTEZ-MASTO,

AMENDED MEMORANDUM*

              Respondents-Appellees.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 17, 2022
San Francisco, California

Before:  McKEOWN and PAEZ, Circuit Judges, and SESSIONS,** District Judge.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Kashard Brown seeks review of a district court judgment denying his petition for a writ of habeas corpus. The district court certified for appeal the question of whether Brown's ineffective-assistance-of-counsel claim was procedurally defaulted. Brown moves to expand the certificate of appealability to his claims that he was denied due process by incorrect jury instructions and exclusion of lay opinion testimony. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's denial of a habeas petition. *Ford v. Peery*, 999 F.3d 1214, 1224 (9th Cir. 2021). Where the state court declined to hear a federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on adequate and independent state grounds that we do not review. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). We affirm the denial of Brown's petition.

After Brown failed to timely present his ineffective-assistance-of-counsel claim—based on his trial counsel's failure to inform the firearms expert about the faulty pistol stock on Brown's shotgun and to call that expert to testify as to the effects of that stock—during his first state habeas proceeding, Brown presented the claim as part of a second or successive state habeas petition. The Nevada district court found this petition to be procedurally defaulted and the Nevada Supreme Court affirmed.

Brown has not demonstrated cause to overcome this procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012), because he fails to establish that his post-conviction counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668

(1984). *See Martinez*, 566 U.S. at 14. *Strickland* requires a showing that "the deficient performance prejudiced the defense." 466 U.S. at 687; *see also id.* at 692. Brown does not show such prejudice because he does not establish that, had he presented his ineffective-assistance-of-trial-counsel claim to the Nevada state courts in compliance with state procedural rules, there is a reasonable probability the courts would have granted his first habeas petition. *See id.* at 694. We therefore deny Brown's petition on the certified issue.

We also deny Brown's request to expand the certificate of appealability to his due process claims. *See* Ninth Cir. R. 22-1(e). On both claims, the Nevada Supreme Court concluded that the trial court erred, but the errors were harmless. Brown has not made a "substantial showing of the denial of a constitutional right" on either issue. 28 U.S.C. § 2253(c)(2). Given the other evidence supporting that the shooting was not an accident, reasonable jurists could not debate whether the petition should have come out differently on the harmless error questions. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**AFFIRMED.**[1]

---

[1] We grant Brown's motion to expand the record (Dkt. No. 36).